Filed 5/2/25  P. v. Ruffin CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>NATHANIEL RUFFIN, JR.,<br><br>    Defendant and Appellant. | F088531<br><br>(Super. Ct. No. F18907841)<br><br>**OPINION** |

-ooOoo-

## <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and DeSantos, J.

## INTRODUCTION

In 2024, appellant Nathaniel Ruffin, Jr. entered into a negotiated plea agreement in which he pleaded no contest to evading a police officer (Veh. Code, § 2800.2, subd. (a); count 1). He admitted that he had suffered a prior strike conviction. The parties stipulated that, if the court were to review the police reports and the preliminary hearing transcript, it would find a sufficient factual basis for the plea. In exchange for the plea agreement, the prosecutor dismissed three other pending charges.[1] Pursuant to the plea agreement, appellant was sentenced to prison for four years.

Following his 2024 sentencing, appellant appealed to this court. His counsel has filed a *Wende*[2] brief. After reviewing the entire record, we affirm.

## BACKGROUND

According to the probation report, a deputy sheriff observed appellant on November 15, 2018, driving an allegedly stolen vehicle. The deputy attempted to initiate a traffic stop, but appellant failed to yield and led the deputy on a pursuit. Appellant eventually crashed the vehicle and was taken into custody after running a short distance on foot.

Appellant's prior strike conviction occurred in 1996. He was sentenced to prison for voluntary manslaughter in violation of Penal Code section 192, subdivision (a). At the sentencing hearing in this matter, appellant brought a *Romero* motion,[3] contending his prior strike conviction was too remote. The sentencing court denied the *Romero* motion, finding that appellant's prior behavior was "very similar" to the charge in this matter. According to the court, appellant's prior conviction involved a death that occurred when

---

[1] Appellant was also facing charges of unlawful driving or taking a vehicle (count 2); receiving stolen property, a motor vehicle (count 3); and resisting, obstructing or delaying a peace officer or EMT (count 4).

[2] *People v. Wende* (1979) 25 Cal.3d 436.

[3] See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

he crashed a stolen vehicle while being pursued by law enforcement.[4]  The court observed that, following the manslaughter conviction, appellant did not remain crime-free.  From 2016 through 2020, he incurred approximately six misdemeanor convictions and one felony conviction, in addition to the current felony offense.  Given appellant's pattern of continued criminal behavior and the similarity between the current offense and his prior voluntary manslaughter conviction, the sentencing court declined to strike the prior strike.

Following receipt of the *Wende* brief, this court notified appellant via a letter dated January 28, 2025, that he had the right to file a letter stating any grounds on appeal that he wanted this court to consider.  Our letter stated that, if we did not hear from him within 30 days, we would assume that he had nothing further to add.

Appellant did not personally file anything with this court.

## DISCUSSION

The present *Wende* brief raises no arguable issues; it asks us to independently review the entire record.

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case.  We have summarized the crimes of which appellant was convicted, and the punishment imposed.  (*Kelly,* at p. 110.)

After reviewing this record, we find no arguable appellate issues.  The sentencing court imposed an authorized sentence of two years, the middle term, for appellant's

---

**4**    According to the probation report, appellant was also convicted in 1996 of felony hit-and-run causing permanent injury or death (Veh. Code, § 20001, subd. (b)(2)).  This conviction was sustained at the same time as his voluntary manslaughter conviction.  In 2007, appellant's judgment in that prior matter was amended, and his prison sentence was reduced from 15 years to life to six years.

conviction of evading a police officer. (Veh. Code, § 2800.2, subd. (a); Pen. Code, § 1170, subd. (h)(1).) That sentence was properly doubled because of appellant's prior strike conviction. (Pen. Code, § 667, subd. (e)(1).) Given appellant's criminal history, there is no reasonable basis to conclude that he falls outside the spirit of the "Three Strikes" law or that the sentencing court abused its discretion in denying the *Romero* motion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 377.) Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.